UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COUNTY OF WARREN,

                                                     Plaintiff,                    1:22-cv-00328 (BKS/DJS)

v.

THE CONTINENTAL INSURANCE COMPANY and
MICHAEL EASTERBROOKS,

                                                     Defendants.
_____

**Appearances:**

*For Plaintiff:*
Lawrence Elmen
Warren County Attorney
1340 State Route 9
Lake George, NY 12845

*For Defendant CIC:*
Janet Jakyung Lee
CNA
125 Broad Street
New York, NY 10004

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On February 1, 2022, Plaintiff County of Warren filed a complaint in New York State Supreme Court, Warren County, against CNA Financial Corporation ("CNA") and Michael Easterbrooks seeking a declaratory judgment that CNA Financial Corporation breached duties to defend and indemnify under an insurance contract. (Dkt. No. 2). CNA filed a notice of removal on April 6, 2022, asserting diversity jurisdiction under 28 U.S.C. § 1332.[1] (Dkt. No. 1).

---

[1] CNA's Notice of Removal states that Warren County is a New York municipal corporation with its principal place of business in New York, and that CNA Financial Corporation is organized under the laws of Delaware, with its

Subsequently, the parties stipulated to the substitution of The Continental Insurance Company ("CIC") in place of CNA.[2] (Dkt. Nos. 5, 6). On May 17, 2022, Plaintiff filed an Amended Complaint, adding claims for declaratory judgment that CIC's denial of coverage violated its duty of good faith and fair dealing and for "entry of an order of attorney fees and costs incurred based upon" CIC's breach of contract. (Dkt. No. 13). CIC moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claim alleging breach of the implied covenant of good faith and fair dealing and moves under Rule 12(f) to dismiss or strike the monetary damage relief sought. (Dkt. No. 14). The parties have filed responsive briefing. (Dkt. Nos. 17, 18). For the reasons that follow, CIC's motion to dismiss is granted and its motion to strike is denied.

## II.  FACTS[3]

On August 10, 2021, Michael Easterbrooks named Plaintiff as a defendant in a lawsuit in New York state court (the "Underlying Action"). (Dkt. No. 13, ¶ 9). Pursuant to N.Y. C.P.L.R. § 214-g, which reopened New York's statute of limitations to allow sexual abuse victims additional time to assert otherwise time-barred claims, *see Jones v. Cattaraugus-Little Valley*

---

principal place of business in Illinois. (Dkt. No. 1, ¶¶ 9, 12 n.1); *see Wright v. Musanti*, 887 F.3d 577, 585 (2d Cir. 2018) ("[I]n cases removed to federal court from state court on the basis of diversity jurisdiction, diversity of citizenship need be established only at the time of removal."). Thus, Plaintiff and CNA Financial Corporation are diverse. *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217–18 (2d Cir. 2016). The Notice further indicates that Easterbrook is "an interested party only from whom no relief is sought" and thus he "is a nominal defendant whose citizenship has no bearing on diversity and his consent to removal is not required." (Dkt. No. 1, ¶ 12 (footnote omitted)). In determining if diversity exists, courts disregard a nominal party. *Zerafa v. Montefiore Hosp. Housing Co., Inc.*, 403 F. Supp. 2d 320, 325 (S.D.N.Y. 2005). Because Plaintiff has not asserted a claim against Easterbrooks and he is merely the underlying claimant, he is a nominal defendant in this action. *See Pac. Westeel Racking Inc. v. Evanston Ins. Co.*, No. 06-cv-14243, 2008 WL 400935, at *3, 2008 U.S. Dist. LEXIS 11053, at *9 (S.D.N.Y. Feb. 14, 2008) (finding an "underlying personal injury claimant" in an insurance coverage action a nominal party where the "plaintiffs [did] not assert any cause of action against" the underlying claimant). The Court therefore disregards Easterbrooks's citizenship and concludes that it has diversity jurisdiction.

[2] Neither party disputes that CIC is the successor in interest to the insurance policies at issue and therefore the real party in interest. (Dkt. No. 5). For the sake of simplicity, the Court refers only to CIC throughout this decision.

[3] The facts are drawn from the Amended Complaint and its attached exhibits. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

*Cent. Sch. Dist.*, No. 19-cv-707, 2022 WL 2124608, at *3, 2022 U.S. Dist. LEXIS 105107, at *8 (W.D.N.Y. June 13, 2022), Easterbrooks alleged that Plaintiff breached duties to him "on, about or between the time periods of 1970-71, 1975-76, and 1979-80," (Dkt. No. 13, ¶¶ 9–10). On September 8, 2021, Plaintiff was served with Easterbrooks' lawsuit. (*Id.* ¶ 11). Plaintiff filed a motion to dismiss the lawsuit on September 28, 2021, which was denied on November 30, 2021. (*Id.* ¶¶ 32–33; Dkt. No. 13-5).

Following September 8, 2021, Plaintiff "attempted to identify insurance coverage and policy information for the years covering 1970 through 1980." (Dkt. No. 13, ¶ 12). Plaintiff alleges that it complied with all New York State document retention policies, but the modification of New York State statutes of limitations was "unforeseeable" and there was no "electronic storage and document retention available to [Plaintiff] from 1970 [to] 1980." (*Id.* ¶¶ 15–17). Accordingly, after being sued by Easterbrooks, Plaintiff had to manually search for insurance-related documents. (*Id.* ¶ 17).

Plaintiff "discovered documents reporting liability insurance policy declarations for general liability coverage from April 1, 1974 to April 1, 1978 and extended umbrella liability insurance policy coverage from September 8, 1976 to September 8, 1978." (*Id.* ¶ 17). The declarations indicated that Plaintiff entered into insurance contracts for insurance coverage with Firemen's Insurance Company of Newark, New Jersey ("FICN"). (*Id.*). Plaintiff alleges that it purchased: (1) general liability insurance coverage from FICN from April 1, 1974 to April 1, 1978 "with comprehensive general liability coverage" up to $500,000, and (2) umbrella liability coverage from September 8, 1976 to September 8, 1978, of $1,000,000. (*Id.* ¶¶ 21–22). Further, Plaintiff alleges "upon information and belief, that at all time[s] relevant," the coverage included

coverage for the type of claims in the Underlying Action. (*Id.* ¶ 14). Defendant CIC is the successor in interest to policies of insurance underwritten by FICN. (*Id.* ¶¶ 3, 8).

On December 3, 2021, Plaintiff tendered the lawsuit to CIC and its agents "seeking for [CIC] to indemnify [Plaintiff] and provide a defense as required" by the declarations and insurance contracts. (*Id.* ¶ 23). On December 23, 2021, CIC issued a letter to Plaintiff "disclaim[ing] and den[ying] coverage under the insurance contracts in effect from April 1, 1974 through September 8, 1978. ("Denial of Coverage Letter"). (Dkt. No. 13-3, at 2; *see* Dkt. No. 13, ¶ 25). CIC "determined that there is no coverage for the lawsuit based on [Plaintiff's]. . . failure to provide timely notice of the occurrence, claim or suit, and based on [Plaintiff's] failure to forward suit papers." (Dkt. No. 13-3, at 2; Dkt. No. 13, ¶ 26). CIC cited to the fact that Plaintiff "did not place CNA [Financial Corporation] on notice of the [] lawsuit until almost 3 months after it was served." (Dkt. No. 13-3, at 3).

In the Denial of Coverage Letter, CIC stated that Plaintiff "provided information alleging that . . . policies were issued to [Plaintiff] as named insured," which "indicat[ed] that [FICN] issued polic[i]es to [Plaintiff] for primary insurance from April 1, 1974 to April 1, 1978." (Dkt. No. 13-3, at 2; Dkt No. 13, ¶ 27). The Denial Letter also stated that Plaintiff "provided excess materials from September 8, 1976 to September 8, 1978." (Dkt. No. 13-3, at 2). However, Plaintiff "did not provide the terms and conditions, including an insurance agreement for all of the policies," and CIC "ha[d] been unable to locate copies of any liability policies issued to [Plaintiff] to date." (*Id.* at 3; Dkt. No. 13, ¶ 29). In its denial letter CIC listed "pertinent provisions" of the policies including a provision that Plaintiff "bears a burden to prove and establish the existence, terms, conditions and provisions of any policy under which [it] claim[s] coverage." (Dkt. No. 13-3, at 4).

### III.     CHOICE OF LAW ANALYSIS

CIC, relying on New York law, moves to dismiss Plaintiff's breach of the implied covenant of good faith and fair dealing claim, Plaintiff's request for consequential damages, and Plaintiff's request for attorneys' fees. (Dkt. No. 14, at 5–9). Plaintiff responds that CIC's assumption that New York law applies to the action is an "unsupported legal conclusion," and claims that Delaware law and California law conflict with New York law.[4] (Dkt. No. 17, at 12–13). In CIC's reply, it argues that, following a New York choice of law analysis, New York law should apply to Plaintiff's claims. (Dkt. No. 18, at 3–4 (citation omitted)).

A federal court "sitting in diversity jurisdiction must apply the law of the forum state to determine the choice-of-law." *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). "In New York, the forum state in this case, the first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws." *Id.* (citing *Curley v. AMR Corp.*, 153 F.3d 5, 11 (2d Cir. 1998)); *see also In re Allstate Ins. Co. (Stolarz)*, 81 N.Y.2d 219, 223 (1993). An actual conflict exists where "the applicable law from each jurisdiction provides different substantive rules." *Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 331 (2d Cir. 2005) (citing *Curley*, 153 F.3d at 12). If there is no conflict, as the forum state, New York law applies. *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 422 (2d Cir. 2006). However, "[w]here the applicable law from each jurisdiction provides different substantive rules, a conflict of laws analysis is required." *Curley*, 153 F.3d at 12 (citations omitted).

---

[4] Plaintiff claims that it has "no legal obligation or requirement to oppose CIC's motion to dismiss by researching and identifying the applicable State laws concerning the violation of the covenant of good faith and fair dealing for the remaining forty-seven (47) potential States of incorporation for FICN." (Dkt. No. 17, at 16–17). However, Plaintiff has not alleged that any other state is relevant to the choice-of-law analysis.

5

"New York 'looks to the "center of gravity" of a contract to determine choice of law.'" *AEI Life LLC v. Lincoln Benefit Life Comp.*, 892 F.3d 126, 135 (2d Cir. 2018) (quoting *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012)). "The 'center of gravity' in an insurance contract dispute is generally the state where the insured risk is located." *Liberty Mut. Ins. Comp. v. Fairbanks Comp.*, 170 F. Supp. 3d 634, 642 (S.D.N.Y. 2016).

Here, Plaintiff cites to the law of Delaware, the state of incorporation of CNA Financial Corporation. (Dkt. No. 17, at 12–13). However, Plaintiff has not provided any basis for finding that the Court should consider the state law of the incorporation of CNA Financial Corporation, as Plaintiff alleges that CIC is the successor in interest to the relevant policies, which were underwritten by FICN, and the parties agree that CIC is the real party in interest. (Dkt. No. 1, ¶ 3; Dkt. No. 5).[5]

Even if Delaware law should be considered and there were an actual conflict, the Court concludes that New York law applies because the "center of gravity" in this contractual dispute is New York. Plaintiff alleges that CIC breached an insurance contract, (Dkt. No. 13, ¶¶ 10, 13, 26–31), and thus the center of gravity is generally where the insured risk is located, *see Liberty Mut. Ins. Comp.*, 170 F. Supp. 3d at 642. The insurance contracts at issue are liability insurance policies insuring Plaintiff – a New York municipal corporation with its principal place of

---

[5] Nor has Plaintiff cited to support for its claim of an actual conflict between New York law and Delaware law. Plaintiff argues that under New York choice of law, "the law of the state of incorporation governs an allegation of breach of fiduciary duty owed to a corporation." (Dkt. No. 17, at 14 (citation omitted)). But there is no allegation of breach of fiduciary duty to CNA Financial Corporation here, (Dkt. No. 13), and New York's choice of law analysis requires determining "whether there is an actual conflict of laws on *the issues presented*," *Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011) (emphasis added).

Plaintiff also argues that there is an actual conflict between California law and New York law. (Dkt. No. 17, at 13, 16). However, Plaintiff neither argues that California law applies in this action nor alleges facts showing a connection between California and this action. (*See generally id.*).

business in New York. (Dkt. No. 13, ¶ 1, 19). Thus, the dispute's center of gravity is New York, and New York's substantive law governs. *See Phoenix Ins. Co. v. Minelli Constr. Co. Inc.*, No. 20-cv-2765, 2021 WL 3275903, at *3, 2021 U.S. Dist. LEXIS 120720, at *6 (E.D.N.Y. June 28, 2021) (finding that the center of gravity in an insurance dispute was New York where policy insured the defendant's business activities and it was a New York corporation with its principal place of business in New York), *report-recommendation adopted by* 2021 WL 3269055, 2021 U.S. Dist. LEXIS 142769 (E.D.N.Y. July 30, 2021).

## IV.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.     Standard of Review

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor v. City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient; rather, a plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.     Materials Outside the Complaint

CIC attaches to its motion one document that Plaintiff did not attach to its complaint. (Dkt. No. 14-2). Thus, as a preliminary matter, the Court must decide whether to consider the document in resolving the motion to dismiss.

7

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). However, considering "materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Id.* A complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id.* (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks omitted)). Even where a document is integral to the complaint, it must be "clear" that "no dispute exists regarding the authenticity or accuracy of the document" and that "there exist no material disputed issues of fact regarding the relevance of the document." *Faulkner*, 463 F.3d at 134. "[I]f material is not integral to or otherwise incorporated in the complaint, it may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are 'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Id.* (quoting Fed. R. Civ. P. 12(d)).

CIC attaches Form 6680B,[6] which it describes as "a policy form corresponding to a form number on the policy documents" attached to Plaintiff's complaint. (Dkt. No. 14, at 4; Dkt. No. 14-2). However, in CIC's reply, it explained that while Form 6680B "*may* indicate the terms and conditions of a policy issued to the [Plaintiff], the actual insurance policies alleged by [Plaintiff] have not been located." (Dkt. No. 18, at 5 (emphasis added)). Because it is unclear whether Form

---

[6] The parties interchangeably refer to the document as "Form 6680B" and "Form 6680D." (Dkt. No. 14, at 4; Dkt. No. 17, at 9–10, 19–21; Dkt. No. 18, at 5). The Court will refer to the document as Form 6680B.

6680B represented the terms and conditions for the Insurance Policies, the Court will not consider the document in deciding the motion to dismiss for failure to state a claim.[7]

### C. Breach of Implied Covenant of Good Faith and Fair Dealing

CIC moves to dismiss Plaintiff's breach of implied covenant of good faith and fair dealing claim because it is duplicative of its breach of contract claim, (Dkt. No. 14, at 5–6), and because Plaintiff fails to plausibly allege such a claim, (*id.* at 6–8). Plaintiff responds that it has plausibly alleged conduct sufficient to find that CIC breached the implied covenant. (Dkt. No. 17, at 17–21).

Under New York law, it is well-settled that there is no "separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Prudential Life & Co.*, 310 F.3d 73, 81 (2d Cir. 2002). Rather, a breach of this covenant is "merely a breach of the underlying contract." *Id.* at 80 (quoting *Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992)). Thus, to establish that an insurance company breached the implied covenant of good faith and fair dealing, a plaintiff "must plead facts supporting the inference that [the insurer] breached a duty to plaintiff that existed independently of the insurance contract." *Northwell Health, Inc. v. Lexington Ins. Co.*, 550 F. Supp. 3d 108, 121 (S.D.N.Y. 2021) (alteration in original) (citation omitted).

Plaintiff alleges that CIC breached the implied covenant of good faith and fair dealing because the Denial of Coverage Letter "lacked any reasonable basis by [] CIC[] to deny

---

[7] Plaintiff argues that the Court may consider CIC's answer to Plaintiff's original complaint. (Dkt. No. 17, at 12; *see* Dkt. No. 8). The Court notes that CIC admitted in its answer that primary insurance policies were in place between April 1, 1974 and April 1, 1976, and between April 1, 1977 and April 1, 1978, and that these policies contained Form 6680B as referenced on the declarations pages. (Dkt. No. 8, ¶ 15). Because the Court has assumed the truth of the facts alleged in the Amended Complaint, however, it finds it unnecessary to consider CIC's admissions in the answer.

9

[Plaintiff] the benefits provided by the [Insurance Policies] to include [Plaintiff's] affirmative obligation to assume the defense and costs of defense." (Dkt. No. 13, ¶ 49). This claim is based upon the same facts as the breach of contract claim, which alleges that CIC breached the Insurance Policies by refusing to defend and indemnify Plaintiff in the Underlying Action. (*Id.* ¶¶ 39–41); *compare Converse v. State Farm Fire & Cas. Co.*, No. 21-cv-457, 2022 WL 976891, at *3, 2022 U.S. Dist. LEXIS 60485, at *8 (N.D.N.Y. Mar. 31, 2022) (dismissing an implied covenant of good faith and fair dealing claim as duplicative where the implied covenant claim alleged that the insurance company "denied a valid claim" based on an "improper basis" and the breach of contract claim alleged that the insurance company "denied th[e] claim without reason"), *with Fishberg v. State Farm Fire & Cas. Co.*, No. 20-cv-6664, 2021 WL 3077478, at *3–4, 2021 U.S. Dist. LEXIS 135043, at *10–11 (S.D.N.Y. July 20, 2021) (denying a motion to dismiss an implied covenant of good faith and fair dealing claim as duplicative where the breach of contract claim "addressed [] the denial of insurance coverage," but the implied covenant claim "addressed [] the process whereby [the insurance company] reached that result—the claim that it did not send an adjuster to the [p]remises").

Plaintiff also alleges that CIC "failed to allege a good faith claim or basis for claiming prejudice" and that it "exhibited a gross disregard" for the insurance contracts. (Dkt. No. 13, ¶¶ 54, 55). These allegations "rehash[] [its] breach of contract claim[]," which alleges that CIC offered "meritless reasons for the denial of coverage." *Northwell Health, Inc. v. Lexington Ins. Co.*, 550 F. Supp. 3d 108, 121–22 (S.D.N.Y. July 26, 2021) (citation omitted); (*see* Dkt. No. 13, ¶¶ 39–40); *Insituform Techs., LLC v. Liberty Mut. Ins. Co.*, No. 19-cv-6873, 2021 WL 307565, at *7–8, 2021 U.S. Dist. LEXIS 17641, at *23–24 (W.D.N.Y. Jan. 29, 2021) (dismissing an implied covenant claim as duplicative of a breach of contract claim where both claims alleged that the

defendants "failed to provide a defense and indemnification to [the plaintiff] in the [underlying] action"); *Quinn Fable Advert., Inc. v. Sentinel Ins. Co., Ltd.*, No. 17-cv-1795, 2018 WL 2436993, at *2, 2018 U.S. Dist. LEXIS 89770, at *5–6 (D. Conn. May 30, 2018) (dismissing an implied covenant claim as duplicative of a breach of contract claim under New York law where "[t]he alleged bad faith actions—that defendant delayed and denied the claim for baseless or invalid reasons—are incident to and intertwined with plaintiff's core complaint that defendant failed to honor the insurance contract"). Thus, Plaintiff's allegations that CIC breached the implied covenant of good faith and fair dealing are duplicative of its breach of contract claim.[8]

Accordingly, CIC's motion to dismiss Plaintiff's breach of implied covenant of good faith and fair dealing claim is granted.

## V.     MOTION TO STRIKE DAMAGES AND ATTORNEYS' FEES

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Whether to grant or deny a Rule 12(f) motion is within the discretion of the district court. *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 1, 15 (D. Conn. 2013) (citations omitted). "Although motions to strike under Rule 12(f) are generally disfavored and granted only if there is strong reason to do so, ample authority permits striking prayers for [] damages when such relief is unavailable as a matter of law." *Berkley v. City of New Rochelle*, No. 21-cv-578, 2022 WL 784018, at *6, 2022 U.S. Dist. LEXIS 46069, at *17 (S.D.N.Y. Mar. 15, 2022).

---

[8] The Court disregards arguments Plaintiff made in its briefing which are not based on allegations in the complaint, including an argument that the implied covenant claim could be based upon an argument CIC made in its motion to dismiss, (Dkt. No. 17, at 18–20; *see* Dkt. No. 14, at 7), and an assertion that the Denial of Coverage Letter "exemplifies the business practice and procedure of [Defendant] CIC to frustrate and prevent any legal actions by an insured party . . . from seeking to pursue legal rights against [Defendant] CIC for a denial of coverage by acting under the pseudonym of 'CNA.'" (Dkt. No. 17, at 17–18). CIC notes that it has made "no effort to avoid liability based on arguments that [Plaintiff] was pursuing the wrong entity." (Dkt. No. 18, at 4 n.2) (describing CNA as "a service mark" and noting that "CNA Financial Corporation is not an underwriting entity").

In the Amended Complaint, Plaintiff seeks "costs, disbursements, and attorneys' fees reasonably incurred" due to CIC's failure to provide a defense in the Underlying Action. (Dkt. No. 13, at 12). CIC moves to strike Plaintiff's request for attorneys' fees incurred during the instant action to settle Plaintiff's rights under the Insurance Policies. (Dkt. No. 14, at 8–9). However, Plaintiff responds that it seeks attorneys' fees "incurred in the defense of the [Underlying Action] from December 23, 2021 through the future date of Judgment in favor of [Plaintiff]." (Dkt. No. 17, at 21–22). In reply, CIC agrees that "the [Plaintiff] could recover [defense expenses in the Underlying Action] from the date of its tender if it prevails here, [but] it may not recover other monetary relief" including expenses incurred in the instant action. (Dkt. No. 18, at 7).

Apparently, CIC moves to strike relief that Plaintiff does not seek. To the extent Plaintiff's Amended Complaint seeks the relief CIC moves to strike, that relief is now abandoned because Plaintiff "fail[ed] to respond to [] [CIC's] arguments" that the relief should be stricken. *Pincover v. J.P. Morgan Chase Bank, N.A.*, 592 F. Supp. 3d 212, 227 (S.D.N.Y. Mar. 22, 2022) (citations omitted).[9]

Accordingly, because the Amended Complaint does not appear to seek the relief CIC seeks to strike, the motion to strike is denied.

## VI.   CONCLUSION

For these reasons, it is hereby

---

[9] Further, CIC moves to strike consequential damages from Plaintiff's Amended Complaint. It does not appear from the Amended Complaint that Plaintiff seeks consequential damages; nor does Plaintiff argue in its response to CIC's motion to dismiss that it seeks such damages. CIC also argues that Plaintiff's allegations are "insufficient to sustain a claim for punitive damages." (Dkt. No. 14, at 8, n.5). The Plaintiff responds that it sought "an award of punitive damages based upon [CIC's] bad faith conduct," (Dkt. No. 17, at 4), but the Amended Complaint does not seek punitive damages.

**ORDERED** that CIC's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that CIC's motion to strike under Fed. R. Civ. P. 12(f) (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Plaintiff's breach of the implied covenant of good faith and fair dealing claim is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Dated: February 17, 2023
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge